IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

Civil Action No. 26-cv-00254-RMR

MANISH KUMAR,

    Petitioner,

v.

JUAN BALTAZAR, *in his official capacity as Warden of the ICE Denver Contract Detention Facility;*
ROBERT HAGAN, *in his official capacity as Denver Field Office Director for U.S. Immigration and Customs Enforcement*;
TODD LYONS, *in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement*;
KRISTI NOEM, *in her official capacity as Secretary of the Department of Homeland Security*; and
PAMELA BONDI, *in her official capacity as Attorney General of the United States*,

    Respondents.

## ORDER

Pending before the Court is Petitioner's Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 1, and Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction ("TRO"), ECF No. 12. Respondents filed a Response to Order to Show Cause, ECF No. 9, and Petitioner waived his right to file a Reply, ECF No. 10. The Court has reviewed the Petition, the Motion, the related briefing, and the applicable case law. As the briefing demonstrates, Petitioner's challenge is fundamentally legal in nature, and, for the reasons outlined below, the Court **GRANTS** the relief requested.

Petitioner is a 25-year-old citizen of India "who fled his homeland to escape political and religious persecution and death threats stemming from his conversion from Hinduism to Christianity." ECF No. 1 at 7. He entered the United States on or around September 6, 2023. He was arrested and placed in removal proceedings shortly after his arrival, and on September 6, 2023, he was released on his recognizance "in accordance with section 236 of the Immigration and Nationality Act." ECF No. 1-1. On or around December 30, 2025, he was "arrested while driving his truck when he had parked it on the shoulder of the road in a no-parking area" and was transferred to the custody of the U.S. Immigration and Customs Enforcement ("ICE").

Petitioner asserts constitutional and statutory claims, *see* ECF No. 1 at 28–31, seeking a bond hearing or immediate release, *see generally id.*[1] This request for relief, and the legal claims and arguments upon which it's premised, are familiar to the Court and the parties. Petitioner contends that he is being improperly subjected to mandatory detention under 8 U.S.C. § 1225(b)(2) and requests that the Court issue "a writ of habeas corpus requiring that Respondents immediately release Petitioner subject to the same terms as his original Order of Release on Recognizance" or in the alternative, "issue a writ a habeas corpus requiring Petitioner's immediate release unless Respondents provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within 7 days, at

---

[1] In his petition, Petitioner seeks enforcement of his rights as a member of the Bond Denial Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal.). Petitioner has not convinced this Court that it is bound by the judgment in *Maldonado Bautista.* However, any potential class membership does not affect the Court's ability to adjudicate the instant petition, given the Court's determination that relief here is governed by § 1226.

which Respondents bear the burden of justifying Petitioner's continued detention by clear and convincing evidence." *Id.* at 30. As Respondents acknowledge, the issue presented here is "not materially different from an issue this Court has resolved in a prior ruling in another case," ECF No. 9 at 2 (citing *Mendoza Gutierrez v. Baltazar, et al.*, 25-cv-02720-RMR (D. Colo.)), and the facts Petitioner presents are "not materially distinguishable from that case for purposes of the Court's decision on the legal issue of whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)," *id.* at 3.

Indeed, like in *Mendoza Gutierrez*, Petitioner has resided in the United States for over two years. ECF No. 1 at 1. And, also like in *Mendoza Gutierrez*, Petitioner is being held in civil immigration detention and denied the opportunity for a bond hearing based on the government's assertion that, despite his long-term residence in the United States, Petitioner is an "applicant for admission" to the United States and must therefore be subject to mandatory detention under either 8 U.S.C. § 1225(b)(1) or § 1225(b)(2). *See* ECF No. 9 at 2. As Respondents anticipate in their response brief, these similarities are sufficient to "lead the Court to reach the same result here" as it did in *Mendoza Gutierrez*. *Id.* at 3. The Court thus adopts that reasoning in full here, *see Mendoza Gutierrez*, 2025 WL 2962908, at *5-9 (analyzing the plain language, legislative history, and past practice of § 1225 compared to § 1226 and determining "§ 1225(b)(2) only applies to noncitizens 'seeking admission' and inspected while trying to enter the country, and not to noncitizens who have lived in the United States continuously for over two

3

years"), and once more joins the chorus of courts in this district and around the nation that have overwhelmingly rejected Respondents' position.[2]

Like *Mendoza Gutierrez*, the Court believes that the appropriate remedy is immediate release, but for different reasons. The Court agrees with the Honorable Charlotte N. Sweeney that, with these particular facts, ordering a § 1226 bond hearing is not the appropriate remedy because "immigration officials have already determined that Petitioner is not a flight risk or danger to the community, as required by 8 U.S.C. § 1226(a)" when they invoked 8 U.S.C. § 1226 to release him on an Order of Release on Recognizance in 2023. *Singh v. Baltazar*, No. 1:26-CV-00336-CNS, 2026 WL 352870, at *3 (D. Colo. Feb. 9, 2026).[3] Indeed, if "[Petitioner] was deemed an applicant for admission

---

[2] *Compare* ECF Nos. 1, 7 *and e.g.*, *Espinoza Ruiz v. Baltazar*, No. 1:25-cv-03642-CNS, 2025 WL 3294762 (D. Colo. Nov. 26, 2025); *Arauz v. Baltazar*, No. 1:25-cv-03260-CNS, 2025 WL 3041840 (D. Colo. Oct. 31, 2025); *Hernandez v. Baltazar, et al.*, No. 1:25-cv-03094-CNS, 2025 WL 2996643 (D. Colo. Oct. 24, 2025); *Hernandez Vazquez v. Baltasar, et al.*, No. 1:25-cv-3049-GPG, ECF No. 22 (D. Colo. Oct. 23, 2025); *Loa Caballero v. Baltazar, et al.*, No. 1:25-cv-3120-NYW, 2025 WL 2977650 (D. Colo. Oct. 22, 2025); *Pineda v. Baltasar*, No. 25-cv-02955-GPG, 2025 WL 3516291, at *1 (D. Colo. Oct. 20, 2025); *Mendoza Gutierrez v. Baltasar, et al.*, No. 1:25-cv-2720-RMR, 2025 WL 2962908 (D. Colo. Oct. 17, 2025); *Garcia Cortes v. Noem*, No. 1:25-cv-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025); *Carrillo Fernandez*, 2025 WL 3485800; *Garcia-Arauz v. Noem*, No. 2:25-cv-02117-RFB-EJY, 2025 WL 3470902 (D. Nev. Dec. 3, 2025); *Escobar Salgado v. Mattos*, No. 2:25-cv-01872-RFB-EJY, --- F. Supp. 3d ----, 2025 WL 3205356 (D. Nev. Nov. 17, 2025); *Ramos v. Rokosky*, No. 25cv15892 (EP), 2025 WL 3063588 (D.N.J. Nov. 3, 2025); *Godinez-Lopez v. Ladwig*, 2025 WL 3047889 (W.D. Tenn. Oct. 31, 2025); *Jimenez v. FCI Berlin, Warden*, No. 25-CV-326-LM-AJ, 2025 WL 2639390 (D.N.H. Sept. 8, 2025); *Lopez-Campos v. Raycraft*, No. 2:25-CV-12486, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); *Romero v. Hyde*, Civil Action No. 25-11631-BEM, 2025 WL 2403827 (D. Mass. Aug. 19, 2025); *Lopez Benitez v. Francis*, No. 25 Civ. 5937 (DEH), 795 F.Supp.3d 475 (S.D.N.Y. Aug. 13, 2025).

[3] The Court also agrees with the Honorable Charlotte N. Sweeney's analysis of, and holding that, the Fifth Circuit's opinion in *Buenrostro-Mendez v. Bondi*, No. 25-20496, ---- F.4th ----, ----, 2026 WL 323330, at *5 (5th Cir. Feb. 6, 2026) does not compel a different outcome. *See* Singh v. Baltazar, No. 1:26-CV-00336-CNS, 2026 WL 352870, at *3 (D. Colo. Feb. 9, 2026)

4

by virtue of his entry into the United States, the government was statutorily obligated to detain him under § 1225(b) at the time he was initially apprehended. It did not do so. Instead, [Petitioner] was released on his own recognizance . . . based expressly on § 1226," which was "the *only* basis cited for [Petitioner's] release." *Id.* (quoting *Singh v. Bondi*, No. 1:25-v-02101-SEB-TAB, 2025 WL 3029524, at *5 (S.D. Ind. Oct. 30, 2025)); ECF No. 1-1 at 1 (Petitioner's September 6, 2023 Order of Release on Recognizance).[4]

As Petitioner notes, the decision to release Petitioner pursuant to 8 U.S.C. § 1226, means that immigration officials have already determined that Petitioner is neither a flight risk nor a danger to the community. ECF No. 1 at 1. Indeed, Petitioner represents that he has no criminal record, and states that since being released, he "has followed all the requirements of his release, including appearing at immigration hearings, has Grantinged legally pursuant to an employment authorization, and has built a life for himself." *Id.* In such circumstances, where Respondents have already determined that it is proper to release Petitioner under § 1226, the Court sees no reason to prolong Petitioner's detention now. *See, e.g.*, *Valera v. Baltazar*, No. 1:25-cv-03744-CNS, 2025 WL 3496174, at *3 (D. Colo. Dec. 5, 2025) (ordering noncitizen's immediate release where Respondents have already determined that the noncitizen is neither a flight risk nor a danger to the community).

---

[4] *See also Singh*, 2025 WL 3029524, at *5–6 ("Under § 1225, the government's options were limited to removal or detention pending review by an asylum officer. The fact that the government's release of [Petitioner], on his own recognizance, was based on § 1226 is strong evidence that he currently remains subject to § 1226, rather than § 1225. The facts of [Petitioner's] redetention make clear that his custody is based on § 1226," because a noncitizen " 'cannot be subject to both mandatory detention under § 1225 and discretionary detention under § 1226.' " (citing *Lopez Benitez v. Francis*, 795 F.Supp.3d 475, 485 (S.D.N.Y. 2025)).

## I.  CONCLUSION

Accordingly, consistent with the foregoing analysis and based on the Court's review of the filings and documents before the Court, pursuant to the Court's authority under 28 U.S.C. § 2241(c)(3), **IT IS HEREBY ORDERED THAT**:

1. Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 1, is **GRANTED**;

2. Respondents shall release Petitioner from custody immediately, but no later than within 24 hours of this Order, and may not impose any additional conditions of release or supervision not previously imposed by DHS in connection with Petitioner's 2023 Order of Release on Recognizance;

3. Respondents shall file a status report within **TWO DAYS** of this order to certify compliance;

4. Respondents are further **ENJOINED AND RESTRAINED** from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified. At any such bond hearing, the government shall bear the burden of proof; and

5. Petitioner's TRO, ECF No. 12, is **DENIED AS MOOT**, because as Petitioner noted, "[i]f the Court rules on the Petition [] the [TRO] would become moot."

DATED: March 6, 2026

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge